UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RANDALL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01100-JPH-MPB |
| | ) | |
| BARTHOLOMEW COUNTY JAIL, | ) | |
| JAIL NURSE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion to Proceed *in Forma Pauperis*, Screening Complaint, and Directing Plaintiff to Amend or Show Cause**

Plaintiff Randall Davis, a pretrial detainee in the Bartholomew County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Mr. Davis' motion to proceed *in forma pauperis*, dkt. [2], is **denied.** Further, because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *in Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **denied as presented**. He **shall have until May 18, 2020**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on April 9, 2020. *See* 28 U.S.C. § 1915(a)(2). Otherwise, the plaintiff must pay the $400.00 filing fee.

**II. Screening**

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of

1

the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Discussion**

Mr. Davis names the following defendants in his complaint: (1) Bartholomew County Jail and (2) Jail Nurse. Dkt. 1. Mr. Davis alleges that he had an ear infection and that he did not receive any medical treatment or pain medication for the infection. *Id.* at 2-3. Mr. Davis states that he "popped [his] ear with a pencil to take down the pressure in [his] ear" and only received a band-aid when he did finally receive medical attention. *Id.* Mr. Davis alleges that he still has the ear infection and that "they won't give me any real medical attention," and that he lost sleep due to the pain. *Id.* Mr. Davis seeks compensatory damages for pain and suffering and better medical care for inmates. *Id.* at 4.

**1. Bartholomew County Jail**

Mr. Davis' claim against the Bartholomew County Jail is **dismissed for failure to state a claim upon which relief can be granted**. The Bartholomew County Jail is not a "person" subject to suit under 42 U.S.C. § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012)

("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity."); *Brown v. Vermillion Cty. Jail*, No. 18-cv-2297-MMM, 2019 WL 1607382, *1 (C.D. Ill. Apr. 15, 2019) (noting that jail "is not amenable to suit under section 1983").

**2. Jail Nurse**

Mr. Davis' claim against an unidentified jail nurse is **dismissed for failure to state a claim upon which relief can be granted**. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back . . . nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed or "John Doe" defendants in federal court is generally disfavored by the Seventh Circuit. *Strauss v. City of Chi.*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). If the plaintiff learns the name of the unnamed defendant, he may seek leave to add claims against him or her.

Even if the "Jail Nurse" could be identified by her title, the complaint does not allege sufficient facts to state a claim against that defendant. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). As presented, the complaint does not allege who refused or failed to provide medical care. This is another reason the complaint fails to state a claim upon which relief can be granted.

### III. Conclusion and Opportunity to Amend or Show Cause

As discussed above, Mr. Davis **shall have through May 20, 2020**, to renew his motion to proceed *in forma pauperis* by filing a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on April 9, 2020.

Mr. Davis' complaint must be dismissed for each of the reasons set forth above. Mr. Davis **shall have through May 20, 2020**, in which to file an amended complaint that cures the deficiencies discussed or show cause why Judgment consistent with this Entry shall not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Any amended complaint should be titled "amended complaint" and shall have the proper case number, 1:20-cv-01100-JPH-MPB, on the front page.

If the plaintiff fails to respond to this Entry, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**SO ORDERED.**

Date: 4/24/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RANDALL DAVIS
150995
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

4